IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| SIDNEY CLARK, | : |
| Petitioner, | : |
| vs. | : CIVIL ACTION NO. 16-0330-CG-C |
| UNITED STATES OF AMERICA, | : CRIMINAL ACTION NO. 10-0056-CG |
| Respondent. | |

### REPORT AND RECOMMENDATION

This cause is before the Court on petitioner's notice of eligibility (Doc. 147), construed as a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 (*see* Doc. 148; *cf.* Doc. 149 (motion to vacate noted on docket sheet)), and the government's response in opposition (Doc. 152).[1] This action has been referred to the undersigned for entry of a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. GenLR 72(a)(2)(R). Following consideration of all relevant pleadings, it is recommended that Clark's § 2255 motion be denied.

### BACKGROUND

On September 23, 2010, Clark entered counseled guilty pleas to armed bank robbery, in violation of 18 U.S.C. § 2113(a) & (d),[2] as charged in Count 3 of the

---

[1] Clark was extended the opportunity to file a reply not later than September 30, 2016 (Doc. 150); however, to date, petitioner has not filed a reply (*compare id. with* Docket Sheet).

[2] 18 U.S.C. § 2113(a) provides, in relevant part, that "[w]hoever, by force and violence, or by intimidation, takes, or attempts to take, from the person or presence of another, or obtains or attempts to obtain by extortion any property or money or any other thing of value belonging to, or in the care, custody, control, management, or possession of, any bank, credit union, or any savings and loan association . . . [s]hall be fined under this title or imprisoned not
(Continued)

Indictment, and use of a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c), as charged in Count 4 of the Indictment. (*Compare* Doc. 70 *with* Doc. 1.) Clark was sentenced to a total term of imprisonment of 340 months. (*See* Doc. 114.) For the § 924(c) count, petitioner received a 300 months consecutive sentence to the 40-month term imposed with respect to the armed bank robbery count. (*See id.*)

In his motion to vacate, Clark contends that, pursuant to the holdings in *Johnson v. United States,* 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015) (finding the ACCA residual clause in § 924(e) to be unconstitutionally vague) and *Welch v. United States,* 136 S.Ct. 1257, 194 L.Ed.2d 387 (2016) (finding *Johnson* to be retroactive to cases on collateral review), the residual clause in § 924(c) is unconstitutionally vague and, therefore, his 300-month consecutive sentence must be vacated. (*See* Doc. 147, at 1-2.)

## CONCLUSIONS OF LAW

The Eleventh Circuit Court of Appeals has recently noted that "[d]istinct from the provision in § 924(e), § 924(c) provides for a mandatory consecutive sentence for any defendant who uses a firearm during a crime of violence or a drug-trafficking crime." *In re Sams,* 2016 WL 3997213, *2 (11th Cir. Jul. 26, 2016), citing 18 U.S.C. § 924(c)(1).

> For the purposes of § 924(c), "crime of violence" means an offense that is a felony and:
>
> > (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

---

more than twenty years, or both." *Id.* Section 2113(d) provides, in turn, that "[w]hoever, in committing, or in attempting to commit, any offense defined in subsections (a) and (b) of this section, assaults any person, or puts in jeopardy the life of any person by the use of a dangerous weapon or device, shall be fined under this title or imprisoned not more than twenty-five years, or both." *Id.*

> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.
>
> *Id.* § 924(c)(3)(A), (B). The former clause is referred to herein as the "use-of-force" clause and th[e] later clause as the "§ 924(c)(3)(B) residual clause." Notably, the ACCA's elements clause only involves the use of force "against the person of another," while the use-of-force clause involves the use of force "against the person or property of another." *Compare* 18 U.S.C. § 924(e)(2)(B)(i)[] *with* 18 U.S.C. § 924(c)(3)(A).

*Id.* at *2-3.

With the foregoing serving as a background, the undersigned notes that the argument made by Clark in this case is the same argument presented to a panel of the Eleventh Circuit Court of Appeals in *In re Hines*, 824 F.3d 1334 (11th Cir. 2016) and rejected by the appellate court panel. *Id.* at 1335 & 1336.

> As noted, *Johnson* rendered the residual clause of § 924(e) invalid. It spoke not at all about the validity of the definition of a crime of violence found in § 924(c)(3). Further, our Court has not held that *Johnson* invalidates § 924(c)(3)(B). However, even were we to extrapolate from the *Johnson* holding a conclusion that § 924(c)(3)(B) was also unconstitutional, it would not help Hines because his § 924(c) conviction on Count 2 was explicitly based on his companion Count 1 conviction for armed bank robbery, in violation of 18 U.S.C. § 2113(a) and (d). And a conviction for armed bank robbery clearly meets the requirement for an underlying felony offense, as set out in § 924(c)(3)(A), which requires the underlying offense to include as an element, "the use, attempted use, or threatened use of physical force against the person or property of another.
>
> Here, Count 1 charged that Hines "by force, violence and intimidation, did take from the person or presence of [a teller] monies belonging to [a federally-insured bank]" and that in doing so, Hines "did assault and put in jeopardy the life of [two individuals] by use of a dangerous weapon," all in violation of 18 U.S.C. § 2113(a) and (d). These allegations in the indictment mimic the requirements of § 2113(a) and (d). The statutory elements that these allegations of the indictment repeat clearly meet § 924(c)(3)(A)'s requirement that the underlying felony offense must have "as an element the use, attempted use, or threatened use of physical force against the person or property of another."

> This means that Hines's conviction under § 924(c) would be valid even if *Johnson* renders the "crime of violence" definition in § 924(c)(3)(B) unconstitutional.

*Id.* at 1336-1337 & 1337 (footnotes omitted). As was the case in *In re Hines,* so too in this case, the allegations in Count 3 of the indictment track the requirements of § 2113(a) and (d) by charging that Clark, and others, "by force, violence and intimidation, did knowingly take from the person or presence of [a teller], approximately $114,000.00 in monies belonging to, and in the care, custody, control, management and possession of [a federally-insured bank]" and in so doing, Clark, and his co-defendants, "did assault and put in jeopardy the life of another person by the use of a dangerous weapon, that is, a firearm." (Doc. 1, at 2 & 3.) Therefore, as in *In re Hines,* "[t]he statutory elements that these allegations of the indictment repeat clearly meet § 924(c)(3)(A)'s requirement that the underlying felony offense must have 'as an element the use, attempted use, or threatened use of physical force against the person or property of another.'" 824 F.3d at 1337. In other words, Clarks' armed bank robbery conviction under § 2113(a) and (d), constitutes a crime of violence under § 924(c)(3)(A)'s use-of-force clause, *compare id. with In re Sams,* at *4 and *In re Gordon,* 827 F.3d 1289, 1293-1294 (11th Cir. Jul. 8, 2016); *see United States v. Lindsey,* 490 Fed.Appx. 322, 325 (11th Cir. Sept. 25, 2012) ("Bank robbery in violation of 18 U.S.C. § 2113 is a crime of violence for the purposes of § 924(c)."), and, therefore, Clark's conviction under § 924(c) would still be valid even if this Court was to find that *Johnson* renders the "crime of violence" definition in § 924(c)(3)(B) unconstitutional. Accordingly, because Clark is not entitled to *Johnson* relief, the undersigned recommends the denial of his motion to vacate.

Pursuant to Rule 11(a) of the Rules Governing § 2255 Proceedings, the undersigned recommends that a certificate of appealability in this case be denied. 28

U.S.C. foll. § 2255, Rule 11(a) ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."). The habeas corpus statute makes clear that an applicant is entitled to appeal a district court's denial of his habeas corpus petition only where a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1).  A certificate of appealability may issue only where "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2243(c)(2). Where, as here, the merits of the underlying constitutional claim have been addressed, a COA should issue only when the petitioner demonstrates "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong[,]" *Slack v. McDaniel, supra,*; *see also id.* at 483–484, 120 S.Ct. at 1603-1604 ("To obtain a COA under § 2253(c), a habeas prisoner must make a substantial showing of the denial of a constitutional right, a demonstration that, under *Barefoot*, includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'"); *see Miller-El v. Cockrell*, 537 U.S. 322, 336, 123 S.Ct. 1029, 1039, 154 L.Ed.2d 931 (2003) ("Under the controlling standard, a petitioner must 'sho[w] that reasonable jurists could debate whether  (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were "adequate to deserve encouragement to proceed further."'"). With respect to Clark's claim, the undersigned recommends that the Court find that reasonable jurists could not debate whether his § 2255 motion to vacate should be resolved in a different manner or that any of the remaining issues presented are adequate to deserve encouragement to proceed further. Accordingly, petitioner is not entitled to a certificate of appealability.

Rule 11(a) further provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation. *Brightwell v. Patterson*, CA 11-00165-WS-C, Doc. 14 (order from Eleventh Circuit denying petitioner a certificate of appealability in a case in which this exact procedure was outlined in the report and recommendation); *see also Castrejon v. United States,* 2011 WL 3241817, *20 (S.D. Ala. Jun. 28, 2011) (providing for the same procedure), *report and recommendation adopted,* 2011 WL 3241580 (S.D. Ala. Jul. 29, 2011); *Griffin v. DeRosa*, 2010 WL 3943702, at *4 (N.D. Fla. Sept. 20, 2010) (providing for same procedure), *report and recommendation adopted sub nom. Griffin v. Butterworth,* 2010 WL 3943699 (N.D.Fla. Oct. 5, 2010).

## CONCLUSION

The Magistrate Judge recommends that the instant motion to vacate (*see* Docs. 147 & 149) be denied for the reasons set forth above. Petitioner is not entitled to a certificate of appealability and, therefore, he is not entitled to appeal *in forma pauperis*.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D.ALA. L.R. 72.4. The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28

U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

      **DONE** this the 11th day of October, 2016.

                        s/WILLIAM E. CASSADY
                        **UNITED STATES MAGISTRATE JUDGE**