IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **CRIM. ACT. NO. 1:10-cr-56** |
| | ) | |
| SIDNEY CLARK | ) | |

## ORDER

Pending before the Court are the *pro se Motion for Sentence Reduction under 18 U.S.C. § 3582(c)(1)(1)* (Doc. 172, filed 3/2/26), and the United States' Response (Doc. 174, filed 6/18/26). For the reasons stated below, the Court **DENIES** the *pro se Motion for Sentence Reduction under 18 U.S.C. § 3582(c)(1)(1)* (Doc. 172, filed 3/2/26).

`The Court file reflects that on September 23, 2010, Defendant Sidney Clarck ("Clark" or "Defendant") pled guilty to Bank Robbery and Using and Carrying a Firearm during and in relation to a Crime of Violence. *See* Doc. 70. The guidelines range was 70-87 months imprisonment for the Bank Robbery while the statutory minimum sentence for Using and Carrying a Firearm During and in Relation to a Crime of Violence was 300 months, consecutive. *See* Doc. 101. On April 5, 2011, CLARK received a sentence of 340-months imprisonment to be followed by 5 years of supervised release. *See* Doc. 114. Clark seeks release on several grounds which the Court addresses below.

Clark is confined in the Jesup Federal Correctional Institution in Jesup, Georgia and has an estimated release date of July 24, 2042. *See* https://www.bop.gov/inmateloc/ (last accessed June 24, 2026).

Once a sentence is imposed, the "authority of a district court to modify an imprisonment sentence is narrowly limited by statute." *United States v. Phillips*, 597 F.3d 1190, 1194-95 (11th

Cir. 2010); *United States v. Shaw*, 711 F. App'x. 552, 554-55 (11th Cir. 2017) (same). Specifically, the district court may not modify a term of imprisonment once it has been imposed except as set out in 18 U.S.C. § 3582(c). *See United States v. Pubien*, 805 F. App'x 727, 729 (11th Cir. 2020) (citing 18 U.S.C. § 3582(c)).

The Court construes the *Motion for Compassionate Release* (Doc. 172, filed 3/2/26)  as a motion filed pursuant to 18 U.S.C. § 3582(c)(1)(A), as modified by § 603 of the First Step Act enacted in December 2018.  That section allows a defendant to petition the Court directly for reduction of a term of imprisonment, without a motion by the Director of the BOP, but only "after the defendant has fully exhausted all administrative rights to appeal a failure of the BOP to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility." 18 U.S.C. § 3582(c)(1)(A).  As set out in his motion, Clark has clearly exhausted his administrative remedies.

Any reduction in sentence for "extraordinary and compelling reasons" must be "consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(1)(A).  The Sentencing Commission's applicable policy statement, set forth at Application Note 1 to the Commentary of § 1B1.13 of the U.S. Sentencing Guidelines, defines "extraordinary and compelling reasons" justifying sentence reduction as including (i) the defendant's serious medical condition diminishing his ability to provide self-care within the environment of a correctional facility; (ii) the advanced age of the defendant; (iii) family circumstances such as death or incapacitation of the caregiver of the defendant's minor children; and (iv) other reasons "[a]s determined by the Director of the Bureau of Prisons." *Id.*

With regard to the defendant's serious medical condition diminishing his ability to provide self-care within the environment of a correctional facility in category (i), Clark fails as there is no

evidence before the Court to show he has a serious medical condition much less one that prevents him from providing self care in the environment of a correctional facility.  Clark makes reference to having been incarcerated during the COVID pandemic which has long since ended.  Furthermore, during the pandemic, Clark raised COVID and its effect upon him in a prior motion for compassionate release which was denied by this Court in the midst of the COVID pandemic when preventative medicines or treatment were either unknown or not readily available.  *See* doc. 156.  The COVID pandemic is long over and there are vaccines and medicines which are readily available to prevent and/or treat COVID.  Nothing is before the Court which indicates Clark even remotely meets the grounds for release under category (i).

With regard to age in category (ii), Application Note 1 to the Commentary of § 1B1.13 indicates that advanced age "is at least 65 years old."  Clark is 51-years old thus the Court cannot find Clark meets the advanced age contemplated by this factor.  *See* Doc. 99 at page 2.

The claim fails to satisfy category (iii), family circumstances. Simply put, Clark does not argue his family circumstances justify the relief sought in the instant motion.

As to category (iv), the BOP's Program Statement 5050.50 identifies in some detail the types of reasons that the Director of the BOP deems "extraordinary and compelling" under the fourth prong of the Sentencing Commission's policy statement.  Here, Clark argues three grounds which may relate to category (iv).

First, Clark argues his sentences were stacked and thus justify his early release.  The Court agrees with the United States argument that the sentence in this instance was not "stacked" since Clark was previously convicted of armed bank robbery in another case prior to his conviction in the instant case.  Furthermore, Clark raised this argument in his earlier failed request for compassionate release.  The Court sees nothing new or persuasive to reverse its earlier decision.

Next, Clark argues his sentence was/is unusually long.  The Court agrees with the United States argument that this basis is insufficient to justify the relief sought by Clark.  Further, the Court finds that the unusually long sentence is attributable to unusual criminal conduct which more than justifies the sentence.  Clark participated as an armed gunman in the instant robbery and participated in another bank robbery in another district as an armed gunman.  The Court finds the conduct of Clark during both bank robberies more than justifies the instant sentence he is currently serving.

Finally, Clark argues his efforts to rehabilitate himself change the calculus of the statutory sentencing factors in favor of his release. *See*, 18 U.S.C.  § 3553(a). While Clark may conclude the statutory factors merits his release, the Court concludes he does not.

Clark does not sufficiently allege "other reasons" under category (iv). The BOP's Program Statement 5050.50 identifies in some detail the types of reasons that the Director of the BOP deems "extraordinary and compelling" within the fourth prong of the Sentencing Commission's policy statement. Thus, Clark is effectively urging this Court to find that his circumstances constitute an "extraordinary and compelling reason" to warrant 18 U.S.C. § 3582(c)(1)(A) relief, even though doing so would not be within the scope of reasons determined by the BOP to be extraordinary and compelling and therefore would not be consistent with the Sentencing Commission's applicable policy statement. Simply put, then, Clarks' motion would have this Court ignore statutory language requiring that sentence reductions for "extraordinary and compelling reasons" be consistent with Sentencing Commission policy statements by essentially superimposing the Court's own policy

preferences over those of the Sentencing Commission and the BOP. Therefore, his request for compassionate release fails here.

Even if Clark met his burden above, then the Court must also consider the sentencing factors in 18 U.S.C. § 3553(a) when deciding whether to exercise its discretion in whether or not to grant the motion. 18 U.S.C. § 3582(c)(1)(A). In this case, the sentencing factors clearly do not favor early release or home confinement. Nothing the Court finds credible indicates Clark will abide by the law if given the opportunity. The Court further finds no conditions or combination of conditions will mitigate the overwhelming danger which would attend the release of defendant Clark.

The Court concludes that nothing persuasive is before the Court that justifies or permits a lesser sentence. The Court finds the early release of Clark would pose a great danger to the community which could not be offset by conditions short of confinement.

For the foregoing reasons, the *pro se Motion for Sentence Reduction under 18 U.S.C. § 3582(c)(1)(1)* (Doc. 172, filed 3/2/26), is **DENIED**.

**DONE** and **ORDERED** this 25th day of June, 2026.

/s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES DISTRICT JUDGE